```
1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MOLLY K. PRIEDEMAN (CABN 302096)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        molly.priedeman@usdoj.gov
8
9  Attorneys for United States of America
```

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                              OAKLAND DIVISION

| | |
|---|---|
| 13  UNITED STATES OF AMERICA, | ) Case No. 4:21-mj-71905-MAG |
| 14           Plaintiff, | ) STIPULATION AND PROTECTIVE<br>) ORDER |
| 15       v. | ) |
| 16  JOHN RUSSELL BELLHOUSE, | ) |
| 17           Defendant. | ) |

      Plaintiff United States of America, by and through STEPHANIE M. HINDS, Acting United States Attorney for the Northern District of California, and Molly K. Priedeman, Assistant United States Attorney for the Northern District of California, and the defendant, John Russell Bellhouse, through his undersigned counsel, hereby stipulate and agree as follows:

      a)      This is a case in which the defendant is charged with crimes involving victims. As such, the Victims are entitled to certain statutory protections, including: Title 18, United States Code, section 3771, which affords any victim of a crime the right to be treated with fairness and respect for his or her dignity and privacy.

      b)      Some of the discovery materials the government intends to produce in this case may

STIP AND PROTECTIVE ORDER
4:21-MJ-71905-MAG                                           1

include materials falling into one or more of the following categories (collectively, "Protected Information"):

    1. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

    2. The names and other personal information of Victims;

    3. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

    4. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information");

    c)    The government seized or otherwise obtained certain electronic devices from the defendant ("Defendant's Electronic Devices") that may contain private and confidential information relating to Victims and other individuals, including potentially personally identifiable information such as account numbers, social security numbers, and dates of birth. Due to the nature in which the information is stored, it cannot practicably be redacted.

THEREFORE, THE PARTIES STIPULATE AND AGREE that the Court should enter an order restricting the disclosure of the Protected Information described above as follows:

    1.    All Protected Information produced by the government in this matter that is not maintained on Defendant's Electronic Devices shall be stamped on its face "PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER – PM CHECK." All information stored on Defendant's Electronic Devices will also be deemed Protected Information and subject to the terms of this Protective Order.

    2.    The following individuals (the "Defense Team") may access and review Protected Information for the sole purpose of preparing the defense and for no other purpose:

        a)    Counsel for defendant who have made an appearance in this matter; and

        b)    Persons employed by defense counsel to assist with the preparation of the

defense, including legal assistants, experts, and investigators, but only after any such individual has reviewed, signed, and dated a copy of this Protective Order to reflect his or her agreement to be bound by it.

3.  The Defense Team may review with the defendant all discovery material produced by the government, but shall not provide the defendant with copies of, or permit the defendant to make copies of or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials.  Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, a defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

4.  The Defense Team may show witnesses Protected Information in the course of preparing a defense if the witness, by reason of their participation in the proceeding, would have seen or had reason to know such information.  Witnesses may only view Protected Information in the presence of the Defense Team, and the Defense Team agrees to keep a log reflecting the date(s) on which a particular witness viewed Protected Information and what specific Protected Information was viewed.

5.  The Defense Team shall not disclose the substance of any Protected Information received from the government in the above-captioned matter to any third party without the express written permission of the government or the approval of this Court.

6.  The Defense Team shall refer to any Victim only by his or her self-identified pseudonym or first and last initials in all pleadings and at any court hearings.

7.  If the Defense Team files a pleading that references, contains, or attaches Protected Information subject to this Protective Order, any portion of that pleading that references, contains, or attaches Protected Information must be filed under seal.  The Defense Team shall comply with Criminal Local Rule 56-1 to ensure that Protected Information is not improperly disclosed but that any sealing order is limited to those portions of the pleading for which there is a valid basis to seal.

8.  After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, defense counsel shall notify the

government so that the government can request materials subject to this Protective Order (including any copies) be returned to the United States. To the extent that the Defense Team intends to maintain possession of the Protected Information, it must so do under conditions specified in this Protective Order. If the Defense Team cannot ensure that the material will be kept under the conditions specified in this Order, the Defense Team will destroy the material.

9. Any disputes about this Protective Order, including any dispute about the government's decision to designate materials as Protected Information, shall be resolved by this Court only after counsel for the United States and the defendant have first conferred and attempted to resolve the dispute. Defense counsel shall first raise any disputed designation with the government in writing. If the government does not then agree to change the designation, the defense may raise the issue with the Court.

10. This stipulation is without prejudice to any party applying to the Court to modify the terms of this Protective Order. This Court shall retain jurisdiction to modify this Protective Order upon motion of any party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

STEPHANIE M. HINDS
Acting United States Attorney

Dated: December 10, 2021

/s/
MOLLY K. PRIEDEMAN
Assistant United States Attorney

/s/
SHAFFY MOEL
Counsel for Defendant JOHN RUSSELL BELLHOUSE

**IT IS SO ORDERED.**

Dated: December 10, 2021

DONNA M. RYU
United States Magistrate Judge

STIP AND PROTECTIVE ORDER
4:21-MJ-71905-MAG                                         4